IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PNC BANK,
NATIONAL ASSOCIATION,

    Plaintiff,

v.

Civil Action No. RDB-12-0290

HERBERT W. WILL, *et al.*,

    Defendants.

## MEMORANDUM ORDER

This lawsuit arises from a dispute between *pro se* Defendants Herbert W. Will and Christine L. Will ("Plaintiffs") and PNC Bank, National Association ("PNC Bank") over unsatisfied loans. (ECF No. 1.) Five years after this Court entered a Default Judgment against them, *pro se* Defendants Herbert W. Will and Christine L. Will ("Plaintiffs") have filed the pending Motion to Vacate. (ECF No. 28.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, Plaintiffs' Motion to Vacate (ECF No. 28) is DENIED.

Although Defendants do not invoke any legal authority to support their requested relief, their Motion to Vacate is governed by Rule 60(b) of the Federal Rules of Civil Procedure. Movants may only obtain relief from a final judgment pursuant to Rule 60(b) under six enumerated grounds:

    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or

1

misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Furthermore, movants must make a threshold showing of (1) timeliness; (2) a meritorious defense; (3) lack of unfair prejudice to the opposing party; and (4) exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). To prevail under Rule 60(b), the moving party must "clearly establish" the grounds for relief by producing adequate proof. *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

A Motion made pursuant to Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The movant bears the burden to show timeliness. *Wells Fargo*, 859 F.3d at 300 (quoting *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). Having filed their Motion five years after the date of Judgment, the Motion is untimely pursuant to Rule 60(b)(1)-(3). Moreover, although this Court affords *pro se* litigants considerable leeway, a lapse of five years is not "reasonable" under Rule 60(b)(4)-(6). *See Wells Fargo*, 859 F.3d at 300 (finding two-year delay unreasonable); *In re Myers*, ELH-17-149, 2017 WL 2833255, at *6 (D. Md. June 30, 2017) (finding that *pro se* litigant "slept on his rights" by waiting five years to file Motion to Vacate).

Nothing justifies a five-year delay in this case. In February 2013, Plaintiffs were personally served with a Motion for Discovery in Aid of Enforcement – Oral Examination (ECF No. 13), which indicated that a judgment had been entered in favor of Plaintiff. (ECF Nos. 16, 17.) Even if Defendants' attorney had failed to apprise them of these proceedings,

2

as they maintain, this personal service put them on notice of the Judgment against them and rendered their five-year delay inexcusable.

Finally, even if the Motion was timely—and it is not—Defendants have failed to otherwise demonstrate that they are entitled to relief. Their attorney's failure to adequately defend this case does not require this Court to vacate the Judgment entered in 2012—the Defendants had a responsibility to maintain apprised of the legal proceedings to which they were a party. Their unsubstantiated claim that another lawyer, Morgan William Fisher, made an unauthorized appearance on their behalf does not counsel vacatur, either, as he made this appearance *after* Judgment had been entered. Finally, Defendants' various other theories of relief—including that the loans at the heart of this dispute "were current and in good standing" or that the Bank agreed to a $300,000 settlement—are not supported by any evidence and have no merit.

Accordingly, it is HEREBY ORDERED this 31st day of January, 2019 that:

1) Defendants' Motion to Vacate (ECF No. 28) is DENIED;

2) The Clerk of Court shall transmit a copy of this Order to counsel of record and the *pro se* Defendants.

                                                                                          */s/*
Richard D. Bennett
United States District Judge